DISSENTING OPINION



No. 04-03-00131-CV



Christopher Richard SMITH and The City of Schertz,


Appellants



v.



Delbert JANDA, as next friend of Hanna Janda, a Minor,


Appellee



From the 37th Judicial District Court, Bexar County, Texas


Trial Court No. 2001-CI-14836


Honorable Andy Mireles, Judge Presiding



Opinion by: Sarah B. Duncan, Justice

Dissenting opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: November 5, 2003

 In deciding whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the non-movant will be taken as true, and every reasonable inference must be indulged in favor
of the non-movant and doubts resolved in his favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548-49 (Tex. 1985). 

 The majority holds that evidence that Smith entered into the intersection against a red light is
insufficient to raise a genuine issue of material fact as to whether Smith acted recklessly because Smith was
statutorily authorized to proceed against a red traffic light after slowing for safe operation. The majority
also concludes that the "motion for summary judgment established Smith was not reckless as a matter of
law." In reaching this conclusion, the majority must necessarily rely on the testimony of Smith and Dudley
Wait, Smith's expert. In my opinion, however, neither Smith's nor Wait's testimony can be relied upon
to conclusively establish that Smith sufficiently slowed the ambulance "as necessary for safe operation,"
because both Smith and Wait relied on Smith's testimony that Smith's light was green. In fact, despite the
statutory language, Smith testified that if his light was red, he would have been required to stop. Smith
testified as follows:

 Q. Fair enough, Code 3, what is the procedure?


 A. Code 3, the procedure would be lights and sirens are going. I am to yield to traffic
as traffic is to yield to me at the same time. I slow down assuming that traffic is
going to yield to me; and upon doing that, if there is a red light, I must first stop at
the red light and clear the intersection, noticing that all traffic is going to yield
before proceeding through it; and at that time I would be able to use turning lanes,
of course, going the proper direction, but also still making sure that I come to a
complete stop before proceeding through the intersection.


 Q. Okay, and where are you supposed to stop?


 A. I am supposed to stop where all the other designated cars are supposed to -
where the cars are designated to stop, behind the line.


As to the occurrence in question, Smith testified that he "didn't come to a complete stop [at the
intersection] due to the light being green." Furthermore, Janda testified that it looked like the ambulance
was going fast, although she could not say at what speed.

 In my opinion, summary judgment could have been granted in this case if Wait had assumed that
the light was red and stated that Smith slowed "as necessary for safe operation" in view of the red light.
None of the evidence in our record, however, conclusively establishes that Smith slowed as necessary for
safe operation in proceeding past a red light because the only evidence relating to whether Smith sufficiently
slowed the ambulance is based on the disputed assumption that the light was green. The majority cannot,
in my opinion, rely on testimony that Smith slowed the ambulance in proceeding past a green light to
conclude as a matter of law that Smith slowed "as necessary for safe operation" in proceeding past a red
light. Because the majority fails to apply the governing standard of review by overlooking the effect that
the disputed assumption has on the summary judgment evidence that was presented, I respectfully dissent.


 Alma L. López, Chief Justice